FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2010 SEP 28 P 3: 16

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Baltimore Field Office<br>10 S. Howard Street, Third Floor<br>Baltimore, Maryland 21201<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ENDOSCOPIC MICROSURGERY ASSOCIATES, P.A.,<br>7402 York Road, Suite 100<br>Towson, Maryland 21204<br><br>　　　　　Defendant. | RDB 1 0 CV 2693<br><br>Civil Action No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A, to correct unlawful employment practices on the bases of sex and retaliation and to make whole Linda Luz, Jacqueline Burleson Huskins (formerly known as Jacqueline Burleson), and other similarly situated female employees of Defendant. As alleged with greater particularity in paragraph 7 below, the Equal Employment Opportunity Commission alleges that the aforementioned female employees were subjected to a sexually hostile and retaliatory work environment by Defendant's CEO/Owner Dr. Mark Noar and Defendant's Practice Administrator Martin Virga, resulting in the termination of Luz.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Endoscopic Microsurgery Associates, P.A. ("Defendant Endoscopic Microsurgery") has continuously been and is now a Maryland corporation doing business in the State of Maryland and the City of Towson, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Endoscopic Microsurgery has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Linda Luz and Jacqueline Huskins filed charges with the Commission alleging violations of Title VII by Defendant Endoscopic Microsurgery. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least October 2006, Defendant Endoscopic Microsurgery has engaged in unlawful employment practices at its Towson, Maryland facility, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). The practices include the following:

a.      Subjecting Linda Luz, Jacqueline Huskins, and other similarly situated female employees to a sexually and retaliatory hostile and offensive work environment by CEO/Owner Dr. Mark Noar ("Noar") and Practice Administrator Martin Virga ("Virga"). Incidents of harassment committed by Noar and Virga against female employees include, but are not limited to, (1) making frequent unwanted sexual comments, such as "You're looking good in those pants. I hope you're getting a lot of action. I know if I was [your fiancé], I would be," "if [your fiancé] changed his mind, I would marry you," telling a female employee that her shirt was "not revealing enough," repeatedly asking a female employee to "sit on his lap," telling a female employee how much "fun" they could have together, and continuously asking a female employee to go out with him, to have a drink with him, and saying "please go out with me"; (2) making frequent sexually derogatory comments about women, such as "some people should not put their fat asses in jeans," poking a female employee's stomach and telling her that "she needed to lose more weight," and telling a female employee that a patient was only nice to her "because he wants to get into your pants"; (3) physically touching and grabbing female employees in a sexual manner against their will, such as grabbing a female employee's rear end, kissing and blowing on female employees' necks, coming up behind female employees and hugging them from behind, putting his arms around a female employee when she was pregnant, and unnecessarily rubbing his body against female employees when he passed them in the hallway; (4) staring at female employees' breasts, staring down female employees' shirts, and making a squeezing

gesture pretending to be fondling breasts. Despite repeated complaints to management, Defendant failed to take prompt corrective action, thereby allowing the harassment to continue and intensify. Not only did the sexual harassment continue, it evolved into a retaliatory hostile work environment, which included the denial of leave without cause, throwing papers at female employees, and treating female employees in a disrespectful and curt manner. The sexually hostile and retaliatory work environment culminated in the termination of Luz.

b.  Discharging Luz in retaliation for engaging in protected activity.

8.  The unlawful employment practices complained of in paragraph 7 above were and are intentional.

9.  The unlawful employment practices complained of in paragraph 7 above were and are done with malice or with reckless indifference to the federally protected rights of Luz, Huskins, and other similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Endoscopic Microsurgery, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, from maintaining a sexually and retaliatory hostile work environment, and from retaliating against persons who engage in protected activity;

B.  Order Defendant Endoscopic Microsurgery to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which eradicate sexual harassment and retaliation, which prevent sexual harassment and retaliation from occurring in the future, and which eradicate the effects of past and present unlawful employment practices;

C.  Order Defendant Endoscopic Microsurgery to make whole Linda Luz by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and/or reinstatement;

D.  Order Defendant Endoscopic Microsurgery to make whole Linda Luz, Jacqueline Huskins, and other similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to job search expenses, and medical expenses not covered by Defendant's employee benefit plan;

E.  Order Defendant Endoscopic Microsurgery to make whole Linda Luz, Jacqueline Huskins, and other similarly situated female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to emotional pain, suffering, anxiety, depression, inconvenience, loss of enjoyment of life, embarrassment, degradation, and humiliation;

F.  Order Defendant Endoscopic Microsurgery to pay Linda Luz, Jacqueline Huskins, and other similarly situated female employees punitive damages for its malicious and reckless conduct described in paragraph 7, in amounts to be determined at trial;

G.  Grant such further relief as the Court deems proper; and

H.  Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

                    Respectfully submitted,

                    P. DAVID LOPEZ
                    General Counsel

                    JAMES L. LEE
                    Deputy General Counsel

                    GWENDOLYN YOUNG REAMS
                    Associate General Counsel

                    _____
                    DEBRA M. LAWRENCE
                    Regional Attorney

                    _____
                    MARIA SALACUSE
                    Supervisory Trial Attorney
                    Federal Bar No. 15562
                    UNITED STATES EQUAL EMPLOYMENT
                    OPPORTUNITY COMMISSION
                    Baltimore Field Office
                    10 S. Howard Street, Third Floor
                    Baltimore, Maryland 21201
                    Phone: 410-209-2733
                    Fax: 410-962-4270
                    E-mail: Maria.Salacuse@eeoc.gov